CAMPBELL FIRM, PC
Christopher B. Campbell (Bar No. 254776)
*chris@thecampbellfirm.com*
455 Market Street, Suite 1940 #809197
San Francisco, California 94105
Telephone: +1.510.588.2200

Attorney for Non-Party Suno, Inc.
(Defendant in the Underlying Action)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE SUBPOENAS TO NVENTURES, LLC AND NVIDIA CORPORATION

Case No. 3:26-mc-80342-LJC

**SUNO, INC.'S STATEMENT IN SUPPORT OF NVENTURES, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

[Civil Local Rule 79-5]

## I. INTRODUCTION

Under Civil Local Rules 7-11(b) and 79-5(c), non-party Suno, Inc. ("Suno"), the defendant in the underlying action, submits this statement and the Declaration of Dylan Rubin ("Rubin Decl.") in support of NVentures, LLC's unopposed Administrative Motion to File Under Seal (Dkt. 4). NVentures asks the Court to seal (1) Exhibit B to the Declaration of Sharif E. Jacob ("Exhibit B"), which is Suno's Series C Preferred Stock Purchase Agreement ("SPA") and its attachments, (2) one highlighted sentence of NVentures' Motion to Quash ("Motion") that reflects confidential information from Exhibit B, and (3) the highlighted portions of paragraph 5 of the Jacob Declaration that also reflect confidential information from Exhibit B. Suno supports NVentures' request to seal all three items. Plaintiffs do not oppose sealing. Dkt. 4-1 ¶ 6.

## II. BACKGROUND

Exhibit B (Dkt. 4-4) was produced by NVentures in the underlying action and was designated "Highly Confidential – Outside Counsel Only." It consists of the SPA and its exhibits, which include a schedule of purchasers, a form of restated certificate of incorporation, a disclosure schedule (the "Disclosure Schedule"), and ancillary financing agreements, including an investors' rights agreement (the "Investors' Rights Agreement"). Rubin Decl. ¶ 2. Suno is privately held and has never publicly disclosed the SPA with its exhibits. Rubin Decl. ¶¶ 3–5.

## III. LEGAL STANDARD

Records attached to motions that are not "more than tangentially related to the merits" may be sealed on a showing of good cause under Rule 26(c), rather than under the more demanding "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–1101 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). The good cause standard applies to "discovery-related motions," *Ctr. for Auto Safety*, 809 F.3d at 1097, and therefore governs here. NVentures' motion is a discovery motion asking whether that non-party must sit for a Rule 30(b)(6) deposition in the underlying litigation; the motion will not resolve any claim or defense in that action. *See Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 U.S. Dist. LEXIS 149416, at *16–18 (N.D. Cal. Aug. 24, 2023) (confirming application of the good cause standard to filings on a motion to quash; "discovery-related motions are reviewed

under the good cause standard . . . regardless of whether the litigants are parties”). Under Rule 26(c), a court may, for good cause, order “that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.” Fed. R. Civ. P. 26(c)(1)(G). Good cause requires a “particularized showing” that “specific prejudice or harm will result” from disclosure. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted). Under this Court’s Civil Local Rules, a submission must explain the interests that warrant sealing, the injury that disclosure would cause, and why a less restrictive alternative will not suffice. Civil L.R. 79-5(c)(1).

## IV. ARGUMENT

### A. Disclosure Would Cause Specific Harm to Suno and to Non-Parties.

Exhibit B—along with the highlighted portions of the Motion and the Jacob Declaration—discloses a number of non-public and highly sensitive business terms pertaining to Suno’s business, capitalization, and corporate structure.

**Capitalization, pricing, and investor-level economics.** Exhibit B discloses a number of confidential and sensitive aspects of Suno’s business, including the Series C price per share, Suno’s complete capitalization by series, its option pool, and its post-closing fully diluted share count. It also gives the cash paid and shares bought by each named investor, and the structure and preferences of each series of preferred stock. Rubin Decl. ¶ 6. The redacted text of the Motion and the Jacob Declaration draws on the same information, including details regarding particular investors and their investments and the total amount invested in the Series C. *Id.* ¶ 7.

Disclosure would give prospective investors, acquirers, secondary purchasers, and competitors competitively sensitive information about Suno’s internal business organization, capitalization table, and negotiating strategy that could be used in any future negotiation, financing or strategic transaction. *Id.* ¶¶ 8–9. Suno does not disclose this information publicly, and even Suno’s investors receive this information only under contractual confidentiality obligations. *Id.* ¶ 5; Dkt. 4-4 at NVENTURES-UMG 0000000472 (Investors’ Rights Agreement § 3.4). Courts in this District seal this kind of information about privately held companies, even under the more demanding compelling reasons standard. *See Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*,

No. 18-cv-03412-BLF, 2019 U.S. Dist. LEXIS 212897, at *3 (N.D. Cal. Dec. 10, 2019) (sealing in full loan and security agreements containing "sensitive, non-public, and confidential business and financial information" of "a privately held company that is not a party"); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (directing sealing of license agreement's "pricing terms, royalty rates, and guaranteed minimum payment terms").

**Negotiated governance and investor-rights terms.** Exhibit B also sets out Suno's board-designation rights, protective provisions, information rights, and transfer restrictions, as well as various investor-specific rights. The highlighted text of Jacob Declaration ¶ 5 summarizes several of these terms. Rubin Decl. ¶¶ 7, 10. If made public, these terms would become the starting point for every future negotiation with investors and acquirers, which would cause concrete harm to Suno's ability to compete for and negotiate investments in the future. Rubin Decl. ¶ 10; *see DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 U.S. Dist. LEXIS 109855, at *9–10 (N.D. Cal. June 26, 2023) (sealing in their entirety "contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward" under "both the 'good cause' and 'compelling reasons' standards").

**Confidential diligence disclosures.** The Disclosure Schedule contains information Suno gave investors in confidence during diligence. It contains detailed, non-public information about Suno's commercial relationships, operations, and business. Rubin Decl. ¶ 11. Competitors and counterparties could use it to delve into the confidential, inner workings of Suno's business and to recalibrate their dealings with Suno. Moreover, making candid diligence disclosures public would discourage the frankness that private financings depend on. *Id.* ¶¶ 11–12.

**Personal information of non-parties.** Exhibit B lists equity grants to named current and former Suno employees and consultants, including details about their equity grants and vesting schedules. It also identifies other employment-related information about named individuals, as well as individual signatories' names and other information. Rubin Decl. ¶ 13. None of these people is a party, and this information has nothing to do with NVentures' motion to quash. Disclosure would invade the disclosed individuals' privacy and would let competitors target Suno's employees for recruiting. *Id.*; *see Rumble Canada, Inc. v. Google LLC*, No. 24-cv-02880-

BLF, 2024 U.S. Dist. LEXIS 139835, at *2 (N.D. Cal. Aug. 6, 2024) ("[T]he names and titles of non-party employees have minimal relevance to the underlying claims, and . . . those employees' privacy interests satisfy the compelling reasons standard . . . ."); *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, 2022 U.S. Dist. LEXIS 58641, at *8, *11 (N.D. Cal. Mar. 30, 2022) (sealing employees' names and contact information, and "confidential employment records in which [the] employees have a reasonable expectation of privacy").

### B. The Request Is Narrowly Tailored, and No Less Restrictive Alternative Suffices.

The redactions to the Motion and the Jacob Declaration are limited to investor-specific figures and characterizations of confidential terms. Everything else would remain public, including the arguments themselves and facts Suno has publicly announced. Rubin Decl. ¶ 4.

Exhibit B warrants sealing in full. *See DeMartini*, 2023 U.S. Dist. LEXIS 109855, at *9–10. Confidential information runs throughout the exhibit. Even form language that may not be independently sensitive in the abstract becomes sensitive in context, in that its meaning is derived and informed by the confidential, negotiated terms that surround it. Rubin Decl. ¶ 14. NVentures cites the 166-page exhibit for only a handful of facts, and the public portions of the Motion convey the substance of its argument without them. A page-by-page redacted version would show little beyond boilerplate and would add nothing to the public's understanding of the motion. Sealing the entirety of Exhibit B is the only way to effectively prevent the harms described above that would be caused if it were filed on the public docket. Rubin Decl. ¶ 15.

If the Court concludes that any part of Exhibit B should be public, Suno asks that the Court not unseal the exhibit in full. Instead, Suno requests leave to file a proposed redacted version within ten days of the Court's order.

## V. CONCLUSION

Suno respectfully requests that the Court grant NVentures' Administrative Motion (Dkt. 4) and keep under seal the highlighted portion of the Motion, the highlighted portions of paragraph 5 of the Jacob Declaration, and Exhibit B in its entirety.

DATED: November 16, 2026

CAMPBELL FIRM, PC

By: <u>*/s/ Christopher B. Campbell*</u>
CHRISTOPHER B. CAMPBELL

Attorney for Non-Party Suno, Inc.
(Defendant in the Underlying Action)